UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

JULIO RODRIGUEZ,                                    *DKT#:* 13 CV 1276

                Plaintiff,                    **COMPLAINT**

   - against -                                     **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                               **ECF CASE**
DET. JAMES SOUTH (Shield # 06130),
P.O. LEANDRO CASTRO (Shield # 26179)
Individually and in his official capacities,
and Police Officers "JOHN DOE"
#1-10, individually and in their official capacities
(the name John Doe being fictitious as the true names
are presently unknown),

                Defendant.
--------------------------------------------------------------------x

     Plaintiff, JULIO RODRIGUEZ, by his attorneys, TREYVUS & KONOSKI, P.C.,

complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

    1.  Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitutions of the State of New York and the United

States.

### JURISDICTION

    2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth,

Fifth, Eight and Fourteenth Amendments to the United States Constitution.

    3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

    4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.   Plaintiff, JULIO RODRIGUEZ, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7.   THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.   THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.   That at all times hereinafter mentioned, the individually named defendants, DET. JAMES SOUTH (Shield # 06130),P.O. LEANDRO CASTRO (Shield # 26179), and P.O. "JOHN DOE" #1-10, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

### A. The Arrest.

13. On or about June 14, 2012, at approximately 4:15 p.m. at the Northwest corner of West 140th Street and Broadway in Manhattan, the Plaintiff, JULIO RODRIGUEZ, was standing and talking with RAFAEL CABA.

14. Neither the Plaintiff, nor RAFAEL CABA, were engaging in any criminal conduct at the time that they were talking.

15. While JULIO RODRIGUEZ and RAFAEL CABA were talking, DET. JAMES SOUTH (Shield # 06130), P.O. LEANDRO CASTRO (Shield # 26179), and P.O. "JOHN DOE" #1-10, police pulled up in a vehicle, exited the vehicle, and began screaming and shouting at JULIO RODRIGUEZ and RAFAEL CABA while pointing guns in their faces.

16. DET. JAMES SOUTH (Shield # 06130), was yelling at JULIO RODRIGUEZ that his sister created problems for him.

17. DET. JAMES SOUTH (Shield # 06130),P.O. LEANDRO CASTRO (Shield # 938195), and P.O. "JOHN DOE" #1-10, arrested the Plaintiff for Criminal Sale of a Controlled Substance in the Third Degree.

18. The Plaintiff did not sell or transfer a controlled substance to RAFAEL CABA or anyone else as he was at the Northwest corner of West 140th Street and Broadway in Manhattan.

19. DET. JAMES SOUTH (Shield # 06130), P.O. LEANDRO CASTRO (Shield #

26179), and P.O. "JOHN DOE" #1-10, did not have probable cause to stop and arrest the

Plaintiff.

**B. The Criminal Complaint.**

20. The Plaintiff was charged with Criminal Sale of a Controlled Substance under docket

number 2012NY047007.

21. The Criminal Complaint was completed by P.O. LEANDRO CASTRO (Shield #

26179).

22. The Criminal Complaint was signed and sworn to by P.O. LEONARDO CASTRO

(Shield # 26179).

23. The Criminal Complaint states:

> "Deponent is informed by Detective James South, Shield #
> 06130 of the Narcotic Boro Manhattan North, that informant
> observed separately charged Rafael Caba (Arrest
> M12653129) give defendant a sum of United States currency
> in exchange for a small object."

24. This statement above in Paragraph 23, and which is in the Criminal Complaint, is

false.  DET. JAMES SOUTH (Shield # 06130) did not observe RAFAEL CABA give JULIO

RODRIGUEZ  a sum of United States currency in exchange for a small object.  No small object

was ever passed from JULIO RODRIGUEZ to RAFAEL CABA.  Moreover, RAFAEL CABA

never passed a sum of United States currency to JULIO RODRIGUEZ.

25. DET. JAMES SOUTH (Shield # 06130) knowingly, intentionally, and willfully

provided false information to P.O. LEANDRO CASTRO (Shield # 26179) to be included in the

Criminal Complaint.

26. P.O. LEANDRO CASTRO (Shield # 26179) knew that the incriminating information

contained in the Criminal Complaint was false.

27. P.O. LEANDRO CASTRO (Shield # 26179) knew that the Plaintiff did not commit a Crime and that the Criminal Complaint contained falsified information, but yet still knowingly, intentionally, and willfully, swore, under oath, that the information contained in the complaint was true and accurate.

## C. **Communication's to the District Attorney's Office.**

28. The Defendant's communicated or caused to be communicated to the New York County District Attorney's Office the facts set forth in the Criminal Complaint.

29. The Defendant's knowingly, intentionally, and willfully, communicated or caused to be communicated to the New York County District Attorney's Office the facts in the Criminal Complaint despite knowing that the information provided was false.

30. Based on the false information provided to the New York County District Attorney's Office, an Indictment was obtained against the Plaintiff.

31. The Plaintiff was Indicted under Indictment Number 02853N/2012.

32. The Defendant's actions in assisting the District Attorney's Office with charging the Plaintiff and securing an Indictment were malicious and were done without Probable Cause.

## D. **Motivation for the Police to Lie.**

33. Approximately six (6) weeks before the Plaintiff's arrest, DET. JAMES SOUTH (Shield # 06130) and other police officers executed a search warrant at Plaintiff's sister's home.

34. No contraband was found and no arrests were made at the time that DET. JAMES SOUTH (Shield # 06130) and the other police officers executed a search warrant at Plaintiff's sister's home.

35. After DET. JAMES SOUTH (Shield # 06130) left Plaintiff's sister's home, Plaintiff's sister made a complaint with the Internal Affairs Bureau (IAB) of the New York City Police

Department.  The complaint alleged that DET. JAMES SOUTH (Shield # 06130) engaged in misconduct, inclusive of stealing money from the Plaintiff's sister.

36. As stated above in Paragraph 16, and reiterated again here, at the time that the Plaintiff was arrested, DET. JAMES SOUTH (Shield # 06130), was yelling at JULIO RODRIGUEZ that his sister created problems for him.

37. The arrest of the Plaintiff was in retaliation for the Plaintiff's sister having made an Internal Affairs Complaint against DET. JAMES SOUTH (Shield # 06130).

38. The fabrication of facts and evidence by the Defendants was done in an effort to maliciously injure the Plaintiff and his sister as a result of the Internal Affairs complaint filed against DET. JAMES SOUTH (Shield # 06130).

E. **Injuries.**

39. As a result of the Defendants' misconduct, the Plaintiff was incarcerated for approximately six (6) or more months.

40. The criminal charges brought against the Plaintiff were dismissed.

41. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

44. All of the aforementioned acts deprived plaintiff JULIO RODRIGUEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

47. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. As a result of defendants' aforementioned conduct, plaintiff JULIO RODRIGUEZ and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

50. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of JULIO RODRIGUEZ's constitutional rights.

51. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff.

54. Defendants lacked probable cause to initiate criminal proceedings against the Plaintiff.

55. Defendants acted with malice in initiating criminal proceedings against the Plaintiff.

56. Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiff.

57. Defendants lacked probable cause to continue criminal proceedings against the Plaintiff.

58. Defendants acted with malice in continuing criminal proceedings against the Plaintiff.

59. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in Plaintiff's favor when all criminal charges against him were dismissed.

60. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## <u>MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983</u>

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants issued legal process to detain the plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

63. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

64. Defendants acted with intent to do harm the Plaintiff without excuse or justification.

65. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983</u>

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants subjected the Plaintiff to violations of his federally protected civil rights, including a False Arrest and Malicious prosecution.

68. The acts complained of were carried out by the aforementioned defendant police officers in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

69. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs,

policies, usages, practices, procedures, and rules of the THE CITY OF NEW YORK, all under the supervision of ranking officers of said department.

70. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK, include but are not limited to the following unconstitutional practices:

(a) Subjecting individuals to False Arrests and Malicious prosecution without probable cause;

(b) Violating the constitutional rights of citizens of the United States and State of New York.

71. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following:

(a) Five (5) Civil Rights Lawsuits brought against P.O. JAMES SOUTH (Shield # 06130), under the following Federal Civil Case numbers:

    (i)     1:2002-cv-07777
    (ii)    1:2004-cv-03286
    (iii)   1:2005-cv-02661
    (iv)   1:2007-cv-11602
    (v)    1:2012-cv-00344

72. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

73. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

74. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights.

75. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights

## DAMAGES AND RELIEF REQUESTED

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

77. All of the foregoing acts by defendants deprived JULIO RODRIGUEZ of federally protected rights, including, but not limited to, the right:

      A. Not to be deprived of liberty without due process of law;

      B. To be free from seizure and arrest not based upon probable cause;

      C. To be free from unwarranted and malicious criminal prosecution;

      D. To receive equal protection under the law.

78. By reason of the aforesaid conduct by defendants, plaintiff JULIO RODRIGUEZ is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff JULIO RODRIGUEZ demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
        February 9, 2013

By:                 _____
                    BRYAN KONOSKI (BK7563)
                    Treyvus & Konoski, P.C.
                    *Attorney(s) for the Plaintiff*
                    305 Broadway, 14th Floor
                    New York, NY 10007
                    (212) 897-5832